

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 28, 2004

**HAND-DELIVERED**
Honorable Marianne B. Bowler
Chief United States Magistrate Judge
One Courthouse Way
Boston, MA 02210

Re: United States. v. Ablolom Woldeslassie
Criminal No. 04-10112-RGS

Dear Judge Bowler:

Today the government received and reviewed Your Honor's July 28, 2004 "Memorandum and Order on Government's Motion for Detention" as to defendant Ablolom Woldeslassie. The Court's decision includes an eight-page summary of the evidence presented at the detention hearing. The government wanted to take this opportunity to direct the Court's attention to two instances where the government's recollection of the evidence offered at the detention hearing differs from the facts as summarized by the Court. The government hastens to add that these differences do not affect the defendant's criminal liability or the weight of the evidence against the defendant.

A description of the events of July 8, 2003 begins in the final paragraph on page 14 of the Court's decision. While it was co-defendant Roland Worrell who approached the undercover officer and it was to Worrell that the undercover officer indicated that he wanted to purchase nine bags of crack cocaine, it was not Worrell who indicated that he had only six bags. Rather, Worrell motioned to defendant Woldeslassie, who first approached Worrell and the undercover officer, then walked away and returned a short while later with co-defendant Justin Teal. It was Teal who indicated that he had only six bags of crack cocaine; it was Teal who asked defendant Woldeslassie for three more bags; and, while Worrell "refereed" the transaction, it was Teal who spit out six bags and gave them to Woldeslassie before Woldeslassie added three bags of his own and gave all nine to the undercover officer in exchange for $150 (not $200), of which defendant Woldeslassie got $50 and Teal got $100. The government submits that the foregoing summary also is consistent with the Boston Police report which describes this transaction and was submitted by the parties as part of Joint Exhibit 6 (see page 19 of the Court's decision).

The events relating to a September 10, 2003 controlled purchase of crack cocaine are

Honorable Marianne B. Bowler
July 29, 2004
Page 2

described in the final paragraph beginning on page 15 of the Court's decision. According to the government's recollection of the evidence, defendant Woldeslassie did indicate to the undercover officer that he, Woldeslassie, did not have any drugs on his person, but it was not Woldeslassie who asked a nearby juvenile if the latter could do the deal. Rather, a juvenile who was with Woldeslassie, upon hearing that Woldeslassie had no drugs on his person, asked if he (the juvenile) could complete the transaction proposed to Woldeslassie by the undercover officer. Thereafter, as indicated in the Court's decision, Woldeslassie spoke to the juvenile on the undercover officer's behalf in an effort to assist the undercover officer in obtaining the desired quantity of crack cocaine at the desired price.

The government respectfully submits the foregoing for the record, but not because it believes that the foregoing has any bearing on the defendant's culpability or on the Court's reasoning for its detention order.

Respectfully submitted,

Patrick M. Hamilton
Assistant U.S. Attorney


cc:     Randolph Gioia, Esq. (via facsimile transmission)