UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO.: 04-10112-RGS |
| ABLOLOM WOLDESLASSIE | ) | |
| | ) | |

DEFENDANT'S MOTION TO SUPPRESS
UNRELIABLE EYEWITNESS TESTIMONY

Now comes the defendant and moves this Honorable Court, pursuant to Fed. R. Crim. P. 12(b)(3), to order the suppression of all out-of-court and any future in-court eyewitness identifications of the defendant by a government witness, Adolphus Brito ("Brito"). The defendant contends that investigating police officers conducted an unnecessarily suggestive identification procedure with Brito that led to Brito identifying the defendant as a person who sold him cocaine. By conducting the unnecessarily suggestive identification procedure, the police officers deprived the defendant of his constitutional right to due process. Consequently, this court should prohibit the government from introducing, at trial, testimony about any out-of-court identification of the defendant by Brito and an in-court identification of the defendant by Brito.

In support of this motion, the defendant states the following:

1) During the spring and summer of 2003 DEA agents and Boston Police Department officers conducted a joint investigation of suspected drug activity in the Warren Gardens area of Roxbury.

2) On July 8, 2003l, Brito, working as an undercover police officer, allegedly purchased nine (9) bags of crack cocaine from three men.

3) The alleged transaction was completed quickly.

4) Brito was familiar with two of the men involved in the alleged drug sale, but he did not know the identity of the third man.

5) Brito described the third man only as wearing a black tee shirt with white beneath it.

6) Shortly after the first sale, Brito allegedly bought three more bags of crack cocaine from the unidentified third man involved in the first sale.

7) This alleged transaction was also completed quickly.

8) After buying the cocaine, Brito got on a bus and left the area.

9) Brito returned to the police station for a debriefing. He gave investigating officers a limited description of the unidentified third man. The investigatgors showed him a book containing photographs of men suspected of participating in drug activity in the Warren Gardens area.

10) Brito identified the photographs of Justin Teal and Roland Worrell as two of the three men who allegedly sold him cocaine earlier in the day. Brito knew both Teal and Worrell from prior dealings.

11) Brito told the investigators that the photograph of the third man was not in the book.

12) Several hours later Sergeant Detective Eric Bulman ("Bulman") inserted into the identification book two additional photographs; one of Ablolom Woldeslassie and one of Kelvin Vickers.

13) Brito reviewed the book that contained the two additional photographs. This time, Brito identified the photograph of Ablolom Woldeslassie as the unknown third man with the black tee shirt who allegedly participated in the two earlier drug sales.

14) Again on August 14, 2003 Brito selected Woldeslassie's photograph from the book as a person who had directed him to a cocaine seller earlier in the day.

15) On September 11, 2003 Brito bought twelve bags of crack cocaine from a man he identified as Woldeslassie.

16) The defendant contends that the police used an unnecessarily suggestive identification procedure on July 8, 2003 that resulted in Brito's misidentification of the defendant as one of the men who sold Brito cocaine.

17) By twice presenting Brito with a book of photographs that differed the second time only in the addition of the defendant's and another man's photograph, the police, in effect, directed Brito to the defendant's photograph and implicitly suggested that the defendant was the third man.

18) The police violated the defendant's constitutional right to due process.

19) The unnecessarily suggestive initial identification procedure tainted Brito's subsequent identifications of the defendant and rendered unreliable any future identification of the defendant by Brito.

20) Moreover, because his initial interaction with the third man was brief and his description of the third man thin, Brito does not have a reliable and independent basis to make a reliable in-court identification of the defendant.

Wherefore, the defendant respectfully requests that this Honorable Court order the suppression of all out-of-court identifications of defendant by Brito, as well as Brito's anticipated in-court identification.

The defendant also requests that the court order an evidentiary hearing to enable the defendant to introduce competent evidence to establish the unnecessary suggestiveness of the identification procedures used by the police in this case. The defendant, through his counsel, has alleged definite, specific and detailed facts, which, if proved, would require the granting of relief. Cohen v. United States, 378 F.2d 751 (9th Cir.), cert. denied, 389 U.S. 897 (1967); Watkins v. Sowders, 449. U.S. 341, 349 (1981).

The defendant hereby adopts and incorporates herein any additional facts set forth in the attached memorandum in support of this motion.

                For ABLOLOM WOLDESLASSIE
                By his Counsel,

                /S/ *Randy Gioia*

                Randy Gioia, Esq.
                Law Office of Randy Gioia
                24 School Street  8th Floor
                Boston, MA  02108
                Telephone  (617) 367-2480
                Facsimile  (617) 723-5601

Dated: May 4, 2005

AFFIDAVIT

I, Randy Gioia, do hereby state that I am an attorney for the defendant, Ablolom Woldeslassie. The facts that are alleged by the defendant in support of this motion to suppress identification are based on my review of the discovery that has been furnished to the defendant by the government. Neither I nor anyone that the defendant, through his counsel, has interviewed was present at the identification procedures that form the basis for this motion. The facts alleged in support of this motion are based upon knowledge and belief and are true to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this 4th day of May, 2005

_/s/ Randy Gioia_

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the government and the other parties by hand on May 5, 2005.

_/s/ Randy Gioia_
Randy Gioia