UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 04-10112-RGS |
| v. | ) | |
| | ) | |
| ABLOLOM WOLDESLASSIE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS EYEWITNESS TESTIMONY

Now comes the United States, by its attorneys,
Michael J. Sullivan, United States Attorney, and David G. Tobin,
Assistant U.S. Attorney, and hereby moves this Honorable Court to
deny defendant's Motion to Suppress Eyewitness Testimony.  The
defendant contends that the procedures used during the July 8,
2003 out-of-court photographic identification of the defendant by
Officer Adolphus Brito were impermissibly suggestive and, under
the totality of the circumstances, the identification was
unreliable.  The defendant further asks this Honorable Court to
prohibit any in-court identification by Officer Brito because it
would be tainted by the unreliable photographic identification
done on July 8, 2003.  The government respectfully requests that
the Court deny the defendant's motion for the following reasons:
1) the identification procedure was not impermissibly suggestive
and 2) even assuming *arguendo* that the identification procedure
was impermissibly suggestive, the officer's out-of-court
identification of the defendant was independently reliable in the

totality of the circumstances and therefore will not taint any
subsequent in-court identifications of the defendant.  The
officer's long-time experience as a trained law enforcement
professional, as well as the conditions of the drug purchase and
subsequent identification, compel the Court to deny the
defendant's motion to suppress.

I.    The Identification Procedure Used To Identify The Defendant
      Was Not Impermissibly Suggestive

The procedure by which Officer Brito identified the
defendant was not so impermissibly suggestive "as to give rise to
a very substantial likelihood of irreparable misidentification."
Simmons v. United States, 390 U.S. 377, 384 (1968).  To make this
determination, courts conduct a fact-specific inquiry, focusing
on a number of factors, including the size of the array, the
manner of the presentation by the officers, and the details of
the photographs themselves.  United States v. Sanchez, 24 F.3d
1259, 1262 (10th Cir. 1994), *citing* United States v. Rosa, 11
F.3d 315, 330 (2d Cir. 1993); United States v. Maldonado-Rivera,
922 F.2d 934, 974 (2d Cir. 1990).

The defendant's contention that the identification procedure
was impermissibly suggestive because Officer Brito effectively
selected the defendant from just two photos is a
misrepresentation of the actual size of the photo spread.
Officer Brito selected the defendant's photo from the entire book
of photos, not just from the two additional photos.  Furthermore,

2

the defendant presents no evidence that the police made any effort to withhold intentionally the defendant's photo from the original book, thus attempting to influence the officer's choice, which the Court must accept as fact in order to accept the defendant's argument. Lastly, the defendant presents no evidence to support his contention that Officer Greg Brown was present or that he applied any "coercive pressure" on Officer Brito to make the identification. <u>Manson v. Braithwaite</u>, 432 U.S. 98, 116 (1977). Accordingly, it is the government's position that the identification procedure was not so impermissibly suggestive as to risk misidentification of the defendant. <u>Simmons</u>, 390 U.S. at 384.

II. <u>Even If The Procedure Was Suggestive, The Identification Of The Defendant Is Nonetheless Reliable And Should Be Admissible</u>

Reliability is the linchpin in determining the admissibility of identification testimony. <u>Manson</u>, 432 U.S. at 144. Even if the court determines that the procedure by which the defendant has been identified was impermissibly suggestive, it may still find that the officer's identification was reliable by weighing the following factors: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5) the length of time between

3

the crime and the confrontation.  Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

A trained law enforcement officer's identification of a criminal suspect demonstrates a higher level of witness certainty than that of a "casual or passing observer."  Manson, 432 U.S. at 115.  Accordingly, an officer's eyewitness identification is more likely to be reliable than that of an average bystander and decreases the substantial "likelihood of irreparable misidentification" that mandates the suppression of such evidence.  Simmons, 390 U.S. at 384.

The First Circuit has held that the expertise and training of law enforcement officers strengthens their reliability in identifying criminal defendants.  See United States v. Maguire, 918 F.2d 254, 263 (1990).  In Maguire, the court cited a police officer's special training as support for its finding that an out-of-court identification was reliable, holding that the identification was "made with certainty, backed by... years of police experience and expertise, as well as his knowledge of future court proceedings in which his identifications would be utilized."  Id. (citation omitted).

Outside the First Circuit, courts have found eyewitness identifications by trained professionals to be independently reliable, notwithstanding the suggestiveness of the identification procedure.  See United States v. Dring, 930 F.2d

4

687, 694 (9th Cir. 1991) (finding that even if showing a single
photograph was unduly suggestive, officers' identification of
defendant was nonetheless reliable because they were trained
professionals, expert at observing criminals); United States v.
Manotas-Mejia, 824 F.2d 360, 369 (5th Cir. 1987) (holding that
identification was proper because trained officer knew he would
have to identify the defendants and be attentive to detail, even
under pressure); United States v. Reid, 517 F.2d 953, 966 (2d
Cir. 1975) ("[The officer] was a trained observer who had the
strongest motivation to use his talents and entertained no doubt
that he had done so effectively").

An application of the Biggers factors to the facts of this
case establish the reliability of Officer Brito's identification
of the defendant on July 8, 2003.  The officer had the
opportunity to view the defendant in broad daylight and from
close proximity during the crack cocaine purchase.  As an
experienced law enforcement professional, the officer understood
the purpose of the transaction was to identify the individuals
involved.  Accordingly, his degree of attention and level of
certainty in identifying the defendant were at a maximum.
Moreover, the time lapse between the officer's observation of the
defendant and the identification of the defendant in the photo
spread was under three hours.  The consideration of these factors
compel the conclusion that the officer's eyewitness

identification of the defendant was reliable, regardless of
whether or not the procedure was impermissibly suggestive.  On
these grounds, the government respectfully requests that the
Court deny the defendant's motion to suppress both out-of-court
and in-court identifications.

The defendant cites <u>United States v. Bouthot</u>, 878 F.2d 1506
(1st Cir. 1989), to support the proposition that identification
evidence tainted by an impermissibly suggestive identification
procedure should be suppressed.  While the legal standard in
<u>Bouthot</u> is applicable, the facts of <u>Bouthot</u> differ so vastly from
this case that a comparison of the two proves fruitless.  <u>Id.</u> at
1514.  Applying the <u>Biggers</u> factors, the First Circuit said of
the witness:

> Northway [the witness] had 30 seconds to observe Bouthot
> [the suspect]...and Northway was not paying special
> attention to Bouthot during that brief time...Northway
> was not 'very certain' that Bouthot was the person he
> saw...Finally, over twenty months elapsed between the
> crime and the identification.

<u>Id.</u> (citations omitted).  Officer's Brito's identification of the
defendant may be distinguished from the identification of Bouthot
on every point.  Officer Brito was a trained law enforcement
official with the specific purpose of identifying the defendant
and the other individuals involved in the crack cocaine sale.
Officer Brito had a few minutes to observe the defendant at close
range, no more than a few feet away given the nature of the
confrontation, rather than the ten feet between the witness and

6

suspect in Bouthot.  Id. at 1513.  Given the major factual
differences between Bouthot and this case, the Court should not
equate the measure of reliability between the casual bystander in
that case and Officer Brito.  Id. at 1514.

In an unreported decision, the District Court of Maine
denied a motion to suppress identification evidence on
independent reliability grounds in United States v. Goodine, 2001
WL 823644 (D. Me. 2001).  In Goodine, an undercover agent
participated in a crack cocaine purchase with two men inside a
vehicle.  Id. at 1.  Several days later, the agent identified one
of the men who sold her the drugs in an eleven-photo spread of
four individuals.  The court declined to determine whether or not
the circumstances were suggestive, instead assuming *arguendo* that
the procedure  was impermissibly suggestive, but that "as a
trained law enforcement officer, [the agent] was 'not a casual or
passing observer,' Manson, 432 U.S. at 115, and both her
opportunity to view [the defendant] and her degree of attention
weigh in favor of reliability of her identification."  Id. at 2.

The totality of the circumstances surrounding Officer
Brito's identification of the defendant mirror the fact pattern
in Goodine.  Id. at 1.  Like the agent in Goodine, Officer Brito
was a trained law enforcement officer who had the opportunity to
observe the defendant in close proximity for a few minutes.  Id.
Moreover, because just a few hours elapsed between Officer

7

Brito's observation and identification of the defendant, whereas four days elapsed before the agent in <u>Goodine</u> made the identification, the Court should consider the identification in this case even more certain and therefore reliable. <u>Id.</u>

CONCLUSION

For the reasons stated, the government respectfully requests that the Court deny the defendant's motion to suppress the July 8, 2003 out-of-court identification of the defendant, as well as any subsequent in-court identifications.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

Dated:  August 23, 2005