UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**
    **Plaintiff**

Vs.                                                                        Criminal No. 04-10112-RGS

**ABLOLOM WOLDESLASSIE,**
    **Defendant**

## SENTENCING MEMORANDUM

    Defendant Ablolom Woldeslassie was named in an eight count indictment involving the distribution of crack cocaine in the Roxbury area of Boston. The indictment allegations against defendant covered five separate transactions and the Government is alleging that there was a total of 5.23 grams to be ascribed to the Defendant for the five transactions.

    The controlled purchase on September 10, 2003 was not made from Defendant. The Government agent approached Defendant who told the agent that he did not have any drugs. The area where the sales took place was an "open air market" where many low level street dealers worked. As a result, Defendant directed the agent to another supplier who consummated the transactions. There is no evidence that Defendant profited from this transaction and should not be responsible for the .89 grams sold on that date.

    Likewise, the August 14, 2003 transactions did not involve Defendant supplying the agent with any drugs. He told the agent he did not have anything and the agent asked the Defendant if he could hook him up with one of his buddies. Defendant referred the agent to an individual who then referred the agent to a third party that eventually sold drugs to the agent. The weight of those drugs totaled one gram which the defendant should not be accountable for. This is the count involving an alleged minor. There is nothing in the narrative regarding the sale to show that Defendant directed or had any control over the minor and the sale of drugs. In fact, the narrative in Paragraph 16 of the Presentence Report states that Justin Teal told the alleged minor where and how to conclude the transaction.

Mr. Woldeslassie was born in the Sudan and immigrated to the United States with his family when he was two years old and is a legal permanent resident of the United States. His parents and siblings live in the United States and are very supportive of him. As a result of Defendant not being a citizen of the United States, he will be subject to an increase in the severity of his sentence for no reason other than the fact he is not a citizen. He will not be eligible for an early release, he will not be able to serve a portion of his sentence in a minimum security facility, he will not be eligible for work release or community confinement. These hardships have been recognized as factors that warrant a downward departure. U.S. v. Navarro-Diaz, 420 F. 3d 581 (6th cir. 2005); U.S. v. Pacheco-Soto 386 F. Supp.2d 1198 1205 (D.N.M. 2005); U.S. Bakeas, 987 F.Supp. 44 (D.Mass 1997).

Additionally, Defendant is charged with distributing 5.23 grams of crack cocaine which as the Court knows is punished at a 100:1 ratio to powder cocaine. The Guidelines level for 5.23 grams of cocaine is 26, whereas the Guidelines Level for 50 grams of powder cocaine is 12. In adhering to the 100:1 ratio in sentencing, the Court would not be acting consistently with 18 U.S.C. §3553 which states that a Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph 2 of this subsection. A 100:1 ratio is not necessary to reflect the seriousness of the offenses, provide just punishment, act as a deterrent, or protect the general public. Since Mr. Woldeslassie is an alien he will not receive vocational or educational training while incarcerated. This disparity has been cited as a reason for a downward departure. U.S. v. Leroy, 373, F. Supp.2nd 887 (E.D. Wisc. 2005), U.S. V. Beamon, 373, F. Supp.2nd 878 (E.D. Wisc. 2005), which cited 18 U.S.C. §3553 (a) in sentencing below the Guidelines range to account for the unreasonable inflation of sentences called for in crack cases.

The activity that brings this case to the Federal Court is common everyday sales of small amounts of drugs. This is in most instances an activity dealt with in the State Court system. If these offenses had been prosecuted in the State Court, Defendant would probably be facing no more than 2 ½ years in the House of Corrections, not a possible five year federal prison sentence. Again, Courts have used this disparity as a reason for a

downward departure.  <u>U.S. v. Wilkerson</u>, 411 F.3d 1(1st Cir. 2005), <u>U.S. v. Biheiri</u>, 356 F.Supp.2d 589 (E.D. VA 2005).

      Defendant has been confined in the Plymouth County Correctional Facility since his arrest on April 8, 2004.  This is one of these modular facilities where the detainees spend all their time indoors.  He can only see the sun through windows and has not been able to feel a breeze or the wetness of the rain in over two years.   These are normal comforts that all detainees except those in solitary confinement experience.  Living under these harsh conditions constitute a reason for downward departure.  <u>U.S. v. Bakeas</u>, supra.

      Finally, Defendant has for over six months been seeking to have the drugs weighed by his chemist.  His counsel has made numerous requests to the Government and the chemist hired by Defendant has done the same to no avail.  As a result, no independent weighing has been accomplished.  This prevents Defendant from mounting a challenged to the weight of the drugs

      For all the above reasons cited, and pursuant to 18 U.S.C. §3553, the Defendant respectfully requests the Court give him a sentence of time served and release him to the United States Department of Homeland Security for deportation proceedings.

      Ablolom Woldeslassie
      By his attorney,

      /s/ James S. Dilday
      James S. Dilday
      Grayer & Dilday
      27 School Street, Suite 400
      Boston, MA 02108
      (617) 227-3470
      BBO# 123460

DATED:  September 14, 2006

4

**CERTIFICATE OF SERVICE**

      I, James S. Dilday hereby certify that I served a copy of the within document by fax to David Tobin, Asst. U.S. Attorney, One Courthouse Way, Suite 920, Boston, MA 02210.


      /s/ James S. Dilday
      James S. Dilday