UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                    )
UNITED STATES OF AMERICA            )
                                    )
          v.                        )   CRIMINAL NO. 04-10112
                                    )
ABLOLOM WOLDESLASSIE,               )
          Defendant                 )

             GOVERNMENT'S RESPONSE TO DEFENDANT'S
              OPPOSITION TO PRESENTENCE REPORT

     Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby files this response to the defendant's Opposition to Presentence Report.

     In the revised Presentence Report, United States Probation properly determined that the defendant should be held responsible for sentencing purposes for 5.23 grams of cocaine base. United States Probation included the cocaine base the defendant pled guilty to distributing [1.5 grams and 0.54 grams on July 8, 2003, and 1.3 grams on September 11, 2003], as well as the cocain base alleged in the two counts of the indictment the United States intends on dismissing. As the Court is aware, the United States agreed to dismiss Counts 5 and 7 of the indictment if the defendant pled guilty to the remaining counts of the indictment in which he was named. The United States, however, made it clear to the defense and during the change of plea on November 21, 2006, that it intended to ask the Court to hold the defendant responsible for the cocaine base amounts alleged in Counts 5 and

7 on a theory of relevant conduct.  See Transcript of the Change of Plea at pages 21 and 22.

United States Probation noted in the revised Presentence Report at Part A (D1) that "[o]n November 21, 2006, the defendant pled guilty to Counts 2, 3, and 8 of the Superseding Indictment [and] [t]he government has agreed to dismiss Counts 5 and 7 at sentencing."  At paragraphs 29, 30, and 31 of the revised Presentence Report, United States Probation determined that the defendant should be held responsible for sentencing purposes for the cocaine base from the three counts to which he pled guilty, as well the cocaine base alleged in the two counts the government agreed to dismiss.  The recommendation of United States Probation is correct because, even in the absence of a guilty plea or finding as to Counts 5 and 7, the defendant is responsible for the cocaine base alleged in the dismissed counts because they constitute relevant conduct.

Count 5 of the Superseding Indictment, which the United States agreed to dismiss, alleges that on August 14, 2003, the defendant aided and abetted in the distribution of 1 gram of cocaine base.  As recounted in paragraphs 14 through 17 of the revised Presentence Report, Boston Police Officer Adolpho Brito, who was working in an undercover capacity, approached the defendant on Copeland Street, in the Roxbury neighborhood of Boston, and was informed by the defendant, from whom Officer

Brito had previously purchased cocaine base, that he did not have drugs to sell.  When Officer Brito asked the defendant to direct him to someone with drugs to sell, the defendant directed him to Karl Thompson.  Officer Brito approached Thompson, told Thompson that "Breeze" (the defendant's street name) had sent him, and ultimately purchased cocaine base from Thompson and Stephen Walker.  The defendant aided and abetted in the distribution of cocaine base to Officer Brito by directing Officer Brito to Thompson, with the purpose to facilitate the distribution of cocaine base.  The defendant's actions constitute relevant conduct and United States Probation correctly held the defendant responsible for the 1 gram of cocaine base.

Count 7 of the Superseding Indictment, which the United States agreed to dismiss, alleges that on September 10, 2003, the defendant aided and abetted in the distribution of 0.89 grams of cocaine base to Officer Brito by Edgar Williams.  Officer Brito encountered the defendant on Copeland Street and was informed by the defendant that he did not have anything.  Williams, who was standing with the defendant, asked the defendant if he could serve Officer Brito.  After the defendant agreed, Williams asked Officer Brito to wait there, and walked down Copeland Street.

After Williams walked away, Officer Brito asked the defendant if Williams would sell Officer Brito "nine" for "one fifty."  The defendant said that he would speak to Williams.

When Williams emerged from an alley, the defendant approached Williams and whispered something to him. Williams said, in a voice loud enough for Officer Brito to hear, that he only had "five." Williams took Officer Brito into an alley and exchanged five bags of cocaine base for $100. Williams walked away and the defendant walked up to officer Brito and stated, "Stick with me, you know I'll take care of you." The defendant's participation in this distribution, which included authorizing Williams to sell to Officer Brito and negotiating on behalf of Officer Brito with Williams, constitutes aiding and abetting. The 0.89 grams of cocaine base are properly attributable to the defendant as relevant conduct.

The government's intention to seek to have the defendant held responsible for the cocaine base alleged in Counts 5 and 7 was fully explained to the defense counsel prior to the plea. The government's decision to dismiss Counts 5 and 7 allowed the defendant to plead guilty to the remaining counts, maintain his innocense to Counts 5 and 7, and still receive the Guideline benefits of acceptance of responsibility (a three level reduction).

Based on the unchallenged evidence set forth in the Presentence Report, particularly paragraphs 14 through 19 detailing the cocaine base distributions which form the basis of dismissed Counts 5 and 7, United States Probation properly

determined that the defendant should be held responsible for sentencing purposes for the distributions on August 14 and September 10, 2003, and that the distributions constitute relevant conduct on the part of the defendant.

## CONCLUSION

For the reasons stated above, the United states respectfully requests that the Court adopt the drug weight and Guideline's calculations of United States Probation.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:/s/ David G. Tobin
>   DAVID G. TOBIN
>   Assistant U.S. Attorney